## Polly Dunham, Plaintiff in Error, v. Estate of Abraham Stephens, Deceased, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of McLean county; the Hon. THOMAS
M. HARRIS, Judge, presiding. Heard in this court at the October
term, 1916. Reversed and remanded with directions. Opinion filed
April 16, 1917.

### Statement of the Case.

Petition by Polly Dunham, plaintiff, against the
estate of Abraham Stephens, deceased, defendant, to
establish plaintiff's right as half-sister and heir at law
of the decedent to one-quarter of a certain fund saved
to the defendant from the amount devised to Mary
Ella Chapman and Anna D. O'Harra by the decedent,
by the settlement and compromise of a certain suit to
contest the decedent's will. From a decree dismissing
the petition, plaintiff brings error. For case on prior
hearing decided by the Appellate Court, see *Dunham
v. Stephens' Estate,* 190 Ill. App. 554, reversing a de-
cree dismissing the petition on demurrer and remand-
ing.

THURMAN, HUME & KENNEDY and LIVINGSTON &
BACH, for plaintiff in error.

STERLING & WHITMORE and DE MANGE, GILLESPIE &
DE MANGE, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the
court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1818*—*when decision on appeal is con-
clusive on second trial.* The holdings of the Appellate Court on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Van Valkenburg v. Granite Live Stock Ins. Co., 205 Ill. App. 28.

facts admitted by a demurrer are conclusive on the Circuit Court on a trial of the same case on the merits if the same facts are established by the evidence.

2. APPEAL AND ERROR, § 1726*—*when decision on former appeal conclusive on Appellate Court.* The holding of the Appellate Court on facts admitted by a demurrer are conclusive on that court on a review of the record on a trial of the same case on the merits if the same facts are established by the evidence, notwithstanding there has been a change in the personnel of the court.

3. APPEAL AND ERROR, § 1152*—*how Appellate Court may review its own holdings.* The only way the Appellate Court can sit in review of its own holdings is on a petition for a rehearing filed in the proper time.

4. EXECUTORS AND ADMINISTRATORS—*when evidence sufficient to show existence of funds subject to distribution.* Evidence *held* sufficient to show that there was saved by the settlement of a certain will contest from certain legacies a certain amount of intestate funds subject to distribution, in a suit by an heir at law to establish a right to a portion of such funds.